UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NED CHARTERING & TRADING, INC.     )
                                   )
       Plaintiff,                  )
                                   )
v.                                 )
                                   ) Civil Action No. 98-2626(RCL)
REPUBLIC OF PAKISTAN, et al.       )
                                   )
                                   )
       Defendant.                  )
                                   )
                                   )

## MEMORANDUM OPINION

This matter comes before the court on a summary judgment motion in a contract dispute that arose over a shipment of wheat. The defendants, the Republic of Pakistan and its Ministry of Food and Agriculture, contracted with Horsebridge Enterprises Inc. for the shipment of wheat, from Turkey to Pakistan. The plaintiff, Ned Chartering & Trading Incorporated, acted as a broker for the shipment and provided a secured loan to Horsebridge. After the shipment was completed, a dispute arose over which party was due the final payment. Eventually, Pakistan paid Horsebridge. Ned Chartering alleges that the payment was made in violation of the assignment arrangement. The plaintiff moves for summary judgment on count one of the complaint, Breach of Assignment, asking for a judgment of $268,000. The Republic of Pakistan and its Ministry oppose this motion, claiming that the assignment was invalidated and that more time for discovery is required.

BACKGROUND

In February of 1993, the Republic of Pakistan entered into a maritime contract, a charter party, arrangement with Horsebridge Enterprises, Ltd. (hereinafter "Horsebridge"), a Gibraltar based corporation, for the shipment of 98,000 metric tons of wheat from Turkey to Pakistan. Plaintiff Ned Chartering & Trading Inc., a Washington D.C. corporation, acted as broker for the charter and financed Horsebridge's payment to the ship owners involved in the transport. The loan agreement, which provided these funds contained an assignment from Horsebridge to Ned Chartering and gave Ned Chartering a security interest in the charter proceeds. This security interest was registered in both Washington D.C. and Gibraltar, in accordance with the terms of the loan agreement. The charter agreement provided that payment would be made by means of an irrevocable letter of credit ("LOC"). Ned Chartering was named as the beneficiary of the LOC established by the Republic of Pakistan Ministry of Food and Agriculture on March 17, 1993.

Ned Chartering received 90% of the payment on the freight earnings of the three performing vessels under the Charter. The defendants, pending completion of the voyages, retained ten percent of the freight balance and a $30,000 performance bond. The shipments were completed in early 1994. A dispute then arose between Ned Chartering and Horsebridge as to who was due payment.

Ned Chartering had notified the Republic of Pakistan of the assignment arrangement with Horsebridge, and Pakistan had notice of the dispute between the parties. Both Ned Chartering and Horsebridge pressed Pakistan for payment. Parties representing Horsebridge firmly insisted that Ned Chartering had no claim to the disputed funds. Horsebridge indicated that they were involved in litigation with Ned Chartering concerning the charter party and loan agreement. In addition, Horsebridge assured Pakistan that they would indemnify Pakistan against any claims by the plaintiff, Ned Chartering.

Pakistan withheld payment until long after the letter of credit had expired. When payment was eventually made, on or about October 31, 1995, it went to Horsebridge. In the meantime, Ned Chartering had obtained a judgment against Horsebridge. That action was denominated <u>Ned Chartering and Trading, Inc. v. Imam</u>, Civ. No. 94-1329. That suit involved the liability of Horsebridge for monies due under the loan agreement and brokerage commissions. Horsebridge, however, is judgment proof. Plaintiff has therefore, elected to proceed directly against Pakistan.

In this motion for summary judgment, the plaintiff asks for $268,000 plus interest and costs, including attorneys' fees. The defendants oppose this motion on two grounds. First, Pakistan claims that the assignment was invalidated by the expiration of the letter of credit. Therefore, Pakistan alleges that there is no obligation to Ned Chartering. Second, Pakistan says that

further discovery is required on several issues.

I. **Discussion**

A. **Jurisdiction and Standard of Review**

As in any case, the court must determine whether it has jurisdiction over the parties involved in the dispute. In this case, the defendant is a foreign sovereign and therefore, jurisdiction may only be obtained under the Foreign Sovereign Immunities Act (hereinafter "FSIA"). See 28 U.S.C. § 1603 et. seq.; Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 434 (1989)(holding that FSIA is the sole basis for jurisdiction over foreign nations). Recently, this court held that the traditional minimum contacts test is subsumed under FSIA. See Flatow v. Islamic Republic of Iran, 999 F. Supp. 1 (D.D.C. 1998); World Wide Minerals Ltd. v. Republic of Kazakhstan, 116 F. Supp. 2d 98 (D.D.C. 2000). The defendant has not contested jurisdiction under the admiralty provisions, 28 U.S.C. § 1605(b), of FSIA and service was made properly. Therefore, this court has jurisdiction over the parties.

A motion for summary judgment should be granted if there are no genuine issues of material fact. Fed. R. Civ. Pro. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Parties should be allowed a reasonable period of time for discovery. See Martin v. Malhoyt, 839 F. 2d 237, 256 (D.C. Cir. 1987).

For the reasons detailed below, this court will grant the plaintiff's motion for summary judgment. The plaintiff here

contends that all factual issues pertaining to count one have been resolved by the discovery already performed. What remains, the plaintiff claims, is a legal determination of whether or not the assignment was proper, and what if any obligation is owed by Pakistan to the plaintiff. The defendants counter by claiming that the assignment was invalid, and that more time for discovery is required before a summary judgment ruling could be made.

**B. The Assignment**

An assignment is a common contractual occurrence. One party to a contract simply assigns its benefits under the contract to a third party in exchange for some other benefit. Here, Horsebridge, the assignor, purportedly assigned its contract rights to Ned Chartering, the assignee, for a loan. Generally, all contract rights are assignable, unless such an assignment is barred by the contract or void for public policy reasons. See Flack v. Laster, 417 A. 2d 393, 399 (D.C. 1980). The assignment grants a property right to the assignee. Therefore, any party that had an obligation to the assignor under the given contract, becomes obligated to the assignee. See District of Columbia v. Funding, 593 A.2d 1030, 1034 (D.C. 1991). Of course, the party thus obligated must have notice of the assignment arrangement. Id. The Republic of Pakistan had received notice of the assignment in this case. Awareness of the assignment is acknowledged in the pleadings and by the fact that 90% of the payment due under the contract was paid to Ned Chartering by the

Republic of Pakistan. See Defendants' Statement of Points and Authorities in Opp. To Plaintiff's Motion for Summary Judgment.

The Republic of Pakistan, however, contends that the assignment was invalid because the letter of credit had expired. The defendants argue that since the method of payment was no longer available the obligation to pay the plaintiff was also void. This argument however, fails to raise a material issue of fact. The language of the contract is clear, it calls for payment by means of a letter of credit. The parties only dispute whether the obligation was tied to a specific letter of credit; this is a question of law. The interpretation of unambiguous contracts is legal question and thus this ruling can be appropriately determined in a motion for summary judgment. See Hollan v. Hannan, 456 A.2d 807, 815 (D.C. 1983). Further, the argument advanced by the defendants is invalid.

The assignment and charter party do both call for payment to be made by means of a letter of credit, and in fact a letter of credit, L/C/ No. SBP/6463, was established and used in the payments. It is also true that this letter of credit has expired. None of this, however, indicates that the underlying obligation is therefore void. The assignment contemplates payments through "letter(s) of credit" but this statement does not tie the obligation to a single instrument, instead it provides a means of making payment. A letter of credit is separate from the obligation, which utilizes it as a means of satisfaction. See

<u>Chevron U.S.A. Inc., v. Traillour Oil Company</u>, 987 F.2d 1138, 1151 (5th Cir. 1993)(noting that the underlying obligation is not governed by the terms of the letter of credit). Indeed the payment made by the Republic of Pakistan to Horsebridge tacitly acknowledges this fact; the defendants paid Horsebridge after the expiration of the letter of credit. The obligation then created by the assignment outlives any particular method of payment. There is simply no reason why a new letter of credit could not be established and payment made through it. Therefore, the assignment is valid and the obligation continues.

### C. Further Discovery

The defendants also argue that summary judgment is inappropriate because further discovery is needed on two issues. First, the defendants want more time in order to discover what defenses Horsebridge may have had against the plaintiff in order to use those defenses in this action. Second, the defendants hope that further discovery would shed light on the expectations of the parties concerning the contract.

The defendants state that this court contemplated a longer period of discovery in its scheduling order of June 7, 2000. Specifically, the defendants feel that the phrase " A further schedule will be set after disposition of any dispositive motions are filed." This phrase, however, is plainly directed towards further scheduling *if needed*, after motions are filed. On July 14, this court granted a motion for enlargement of time in to the

defendants for the preparation of an opposition to the motion for summary judgment. Rule 56(f) of the Federal Rules of Civil Procedure permissively allows for additional discovery. That rule states then when affidavits are unavailable to the party opposing a motion for summary judgment, "the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions taken or discovery to be had or may make such other order as is just." Fed. R. Civ. P. 56(f). Parties should be granted the opportunity for discovery prior to summary judgment decisions. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). However, a court need not entertain every request for additional discovery. See Secord v. Cockburn, 747 F. Supp. 779 (D.D.C. 1990). On its face, Rule 56(f) requires that the party requesting additional discovery show that it needs that time to produce the relevant facts. In addition, a continuance need not be granted where sufficient time for discovery has already been allowed, and the party opposing the motion for summary judgment was aware that a motion would be filed. Id.

In this case, the defendants have already had sufficient discovery. In addition, the defendants have failed to demonstrate how the further discovery they request would produce any issues of material fact. The defendants request further discovery in order to identify any defenses Horsebridge may have had against the plaintiff. The defendants do so with the

assumption that they would be able to utilize such defenses against the plaintiff as well. For this proposition, they cite District of Columbia law stating that the assignee takes no rights superior to those held by the assignor, and is subject to any setoff available to the obligor against the assignor. See <u>United States Nat'l Bank v. Madison Nat'l Bank</u>, 335 F. Supp. 165, 169 (D.D.C. 1973). This proposition however, lends no support to the defendants' arguments. Instead, this rule indicates that if the Republic of Pakistan (the obligor) had any defenses or set off against Horsebridge (the assignor), they might use them against Ned Chartering (the assignee). Thus, discovery investigating the defenses of Horsebridge has no relevance here, and will not delay this motion for summary judgment.

The defendants also indicate that they want discovery investigating the relationship between Horsebridge and Ned Chartering. Specifically, the defendants wish to depose Mr. Ikramullah, the president of Ned Chartering. The defendants insist that they made payment to Horsebridge on the basis of a good faith assumption that Ned Chartering had no claim to the money involved. This argument is also flawed. The defendants cannot claim to have had a good faith belief that Ned Chartering had no claim to the payment when they were explicitly aware of litigation between Horsebridge and Ned Chartering on this issue.

Defendants also claim that more discovery is required to shed light on the expectations of the parties concerning the

contract and assignment. However, the defendants void the need for this discovery by stating, "Defendants believe the language of these instruments is sufficiently clear to establish, as a matter of law, that the assignment . . . ceased to be valid when the letter of credit expired." <u>See</u> Defendant's Statement of Points and Authorities in Opp. to Plaintiff's Motion for Summary Judgment, at 8. As the Court has already noted, and the defendants again make clear, contract interpretation is a question of law, not fact. Both parties have already made clear their expectations concerning the assignment and the letter of credit. The defendants repeatedly state that they think the assignment terminated with the letter of credit; the plaintiff disagrees. Therefore, further discovery on this issue would be frivolous. All that remains is for this court to determine whether the assignment is valid after the expiration of the letter of credit. That task is now also complete.

   A separate order shall issue this date granting plaintiff's motion for summary judgment on count one of the complaint.

*[signature]*
———————————————
Royce C. Lamberth
United States District Judge

DATE: 12-4-00